UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:14-cv-00001-ACC-KRS

FLAGSHIP PROPERTIES III, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

STORKWIK MANAGEMENT, LLC, a
Florida limited liability company; W.A.
"CHIP" HEADLEY, III, an individual;
THEODORE A. BOLIN, an individual;
and JACQUELINE MURRAY, an
individual,

    Defendants.
_____/

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### ANSWER TO AMENDED COMPLAINT

Defendants, STORKWIK MANAGEMENT, LLC, W.A. "CHIP" HEADLEY, III, THEODORE A. BOLIN and JACQUELINE MURRAY, by and through their undersigned attorneys, in answer to the Amended Complaint filed in this cause, say as follows:

1. Defendants are without knowledge as to the allegations set forth in paragraph 1 of the Complaint and therefore deny the same and demand strict proof thereof.

2. The allegations set forth in paragraph 2 of the Complaint are admitted.

3. With reference to the allegations set forth in paragraph 3 of the Complaint, Defendants deny that HEADLEY was or is an officer of STORKWIK and admit all remaining allegations of said paragraph.

1

4. With reference to the allegations set forth in paragraph 4 of the Complaint, Defendants deny that BOLIN was or is an officer of STORKWIK and admit the remaining allegations of said paragraph.

5. With reference to the allegations set forth in paragraph 5 of the Complaint, Defendants deny that MURRAY was or is an officer of STORKWIK and admit the remaining allegations of said paragraph.

6. The allegations set forth in paragraph 6 of the Complaint are admitted for jurisdictional purposes only and are otherwise denied.

7. The allegations set forth in paragraph 7 of the Complaint are admitted.

8. The allegations set forth in paragraph 8 of the Complaint are admitted for venue purposes only and are otherwise denied.

9. Defendants are without knowledge as to the allegations set forth in paragraph 9 of the Complaint and therefore deny the same and demand strict proof thereof.

10. With reference to the allegations set forth in paragraph 10 of the Complaint, Defendants admit that Plaintiff and STORKWIK entered into an agreement dated October 9, 2012, entitled "Management Agreement" and would show that the document speaks for itself and, therefore, deny the remaining allegations of said paragraph.

11. The allegations set forth in paragraph 11 of the Complaint are admitted.

12. The allegations set forth in paragraph 12 of the Complaint are denied.

13. The allegations set forth in paragraph 13 of the Complaint are admitted.

14. With reference to the allegations set forth in paragraph 14 of the Complaint, Defendants admit that the accounts referenced therein were titled in the name of FLAGSHIP and

that HEADLEY and BOLIN were authorized signatories on said accounts during all times material hereto and deny all remaining allegations of said paragraph.

15. The allegations set forth in paragraph 15 of the Complaint are admitted.

16. The allegations set forth in paragraph 16 of the Complaint are denied.

17. The allegations set forth in paragraph 17 of the Complaint are admitted.

18. The allegations set forth in paragraph 18 of the Complaint are admitted.

19. The allegations set forth in paragraph 19 of the Complaint are admitted.

20. The allegations set forth in paragraph 20 of the Complaint are admitted.

21. The allegations set forth in paragraph 21 of the Complaint are admitted.

22. The allegations set forth in paragraph 22 of the Complaint are admitted.

23. The allegations set forth in paragraph 23 of the Complaint are admitted.

24. The allegations set forth in paragraph 24 of the Complaint are admitted.

25. The allegations set forth in paragraph 25 of the Complaint are admitted.

26. The allegations set forth in paragraph 26 of the Complaint are admitted.

27. The allegations set forth in paragraph 27 of the Complaint are admitted.

28. The allegations set forth in paragraph 28 of the Complaint are denied.

29. The allegations set forth in paragraph 29 of the Complaint are denied.

30. The allegations set forth in paragraph 30 of the Complaint are denied.

31. The allegations set forth in paragraph 31 of the Complaint are denied.

32. The allegations set forth in paragraph 32 of the Complaint are denied.

33. The allegations set forth in paragraph 33 of the Complaint are denied.

34. The allegations set forth in paragraph 34 of the Complaint are admitted.

35. The allegations set forth in paragraph 35 of the Complaint are admitted.

36. With reference to the allegations set forth in paragraph 36 of the Complaint, Defendants admit that on or about September 13, 2013, Ronald Sikes, a Florida attorney, was paid $5,029.95 and that said amount was transferred from the Chase Account into the 2224 Account on or about September 20, 2013 as "Legal Fees" and deny all remaining allegations of said paragraph.

37. The allegations set forth in paragraph 37 of the Complaint are admitted.

38. The allegations set forth in paragraph 38 of the Complaint are denied.

39. The allegations set forth in paragraph 39 of the Complaint are denied.

40. The allegations set forth in paragraph 40 of the Complaint are denied.

41. The allegations set forth in paragraph 41 of the Complaint are denied.

42. The allegations set forth in paragraph 42 of the Complaint are denied.

43. The allegations set forth in paragraph 43 of the Complaint are denied.

44. The allegations set forth in paragraph 44 of the Complaint are denied.

45. The allegations set forth in paragraph 45 of the Complaint are admitted.

46. With reference to the allegations set forth in paragraph 46, Defendants admit that the quoted language is a portion of Section 7(f) of the Management but deny that the quote contains all of the language set forth in said Section 7(f).

47. The allegations set forth in paragraph 47 of the Complaint are denied.

48. The allegations set forth in paragraph 48 of the Complaint are denied.

49. The allegations set forth in paragraph 49 of the Complaint are denied.

50. The allegations set forth in paragraph 50 of the Complaint are denied.

51. The allegations set forth in paragraph 51 of the Complaint are denied.

52. The allegations set forth in paragraph 52 of the Complaint are denied.

53. The allegations set forth in paragraph 53 of the Complaint are denied.

54. The allegations set forth in paragraph 54 of the Complaint are denied.

55. The allegations set forth in paragraph 55 of the Complaint are admitted.

56. The allegations set forth in paragraph 56 of the Complaint are denied.

57. The allegations set forth in paragraph 57 of the Complaint are denied.

58. The allegations set forth in paragraph 58 of the Complaint are denied.

59. The allegations set forth in paragraph 59 of the Complaint are denied.

60. The allegations set forth in paragraph 60 of the Complaint are denied.

61. With reference to the allegations set forth in paragraph 61 of the Complaint, Defendants deny that Defendants wrongfully diverted any funds and admit the remaining allegations set forth in said paragraph.

62. The allegations set forth in paragraph 62 of the Complaint are denied.

63. Defendants are without knowledge as to the allegations set forth in paragraph 63 of the Complaint and therefore deny the same and demand strict proof thereof.

64. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 64 of the Complaint.

65. The allegations set forth in paragraph 65 of the Complaint are admitted.

66. With reference to the allegations set forth in paragraph 66 of the Complaint, Defendants admit that the Management Agreement was supported by valuable consideration and are without knowledge as to the remaining allegations in said paragraph and therefor deny the same and demand strict proof thereof.

67. The allegations set forth in paragraph 67 of the Complaint are denied.

68. With reference to the allegations set forth in paragraph 68 of the Complaint, Defendants admit that following termination of the Management Agreement they were obligated to return all of Plaintiff's funds after receiving payment for authorized expenses, provide to Plaintiff its accounting books and records relating to the Properties and to reasonably cooperate with Plaintiff and denies all remaining allegations of said paragraph.

69. The allegations set forth in paragraph 69 of the Complaint are denied.

70. The allegations set forth in paragraph 70 of the Complaint are denied.

71. The allegations set forth in paragraph 71 of the Complaint are denied.

72. The allegations set forth in paragraph 72 of the Complaint are denied.

73. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 73 of the Complaint.

74. The allegations set forth in paragraph 74 of the Complaint are admitted.

75. With reference to the allegations set forth in paragraph 75 of the Complaint, Defendants admit that the language quoted therein contains a portion of Section 2(b) of the Management Agreement and deny that the section quoted reflects all of the language set forth in said Section 2(b).

76. With reference to the allegations set forth in paragraph 76 of the Complaint, Defendants admit that Plaintiff relied on STORKWIK to act in accordance with its fiduciary duty and deny all remaining allegations of said paragraph.

77. The allegations set forth in paragraph 77 of the Complaint are denied.

78. The allegations set forth in paragraph 78 of the Complaint are denied.

79. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 79 of the Complaint.

80. The allegations set forth in paragraph 80 of the Complaint are denied.

81. The allegations set forth in paragraph 81 of the Complaint are denied.

82. The allegations set forth in paragraph 82 of the Complaint are denied.

83. The allegations set forth in paragraph 83 of the Complaint are denied.

84. The allegations set forth in paragraph 84 of the Complaint are denied.

85. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 85 of the Complaint.

86. The allegations set forth in paragraph 86 of the Complaint are denied.

87. The allegations set forth in paragraph 87 of the Complaint are denied.

88. The allegations set forth in paragraph 88 of the Complaint are admitted.

89. The allegations set forth in paragraph 89 of the Complaint are admitted.

90. The allegations set forth in paragraph 90 of the Complaint are denied.

91. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 91 of the Complaint.

92. The allegations set forth in paragraph 92 of the Complaint are denied.

93. The allegations set forth in paragraph 93 of the Complaint are denied.

94. The allegations set forth in paragraph 94 of the Complaint are denied.

95. The allegations set forth in paragraph 95 of the Complaint are admitted.

96. The allegations set forth in paragraph 96 of the Complaint are admitted.

97. The allegations set forth in paragraph 97 of the Complaint are admitted.

98. The allegations set forth in paragraph 98 of the Complaint are admitted.

99. The allegations set forth in paragraph 99 of the Complaint are denied.

100. The allegations set forth in paragraph 100 of the Complaint are denied.

101. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 101 of the Complaint.

102. The allegations set forth in paragraph 102 of the Complaint are denied.

103. The allegations set forth in paragraph 103 of the Complaint are denied.

104. The allegations set forth in paragraph 104 of the Complaint are denied.

105. The allegations set forth in paragraph 105 of the Complaint are denied.

106. The allegations set forth in paragraph 106 of the Complaint are denied.

107. The allegations set forth in paragraph 107 of the Complaint are denied.

108. The allegations set forth in paragraph 108 of the Complaint are denied.

109. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 109 of the Complaint.

110. The allegations set forth in paragraph 110 of the Complaint are admitted.

111. The allegations set forth in paragraph 111 of the Complaint are denied.

112. The allegations set forth in paragraph 112 of the Complaint are denied.

113. The allegations set forth in paragraph 113 of the Complaint are denied.

114. The allegations set forth in paragraph 114 of the Complaint are denied.

115. The allegations set forth in paragraph 115 of the Complaint are denied.

116. The allegations set forth in paragraph 116 of the Complaint are denied.

117. The allegations set forth in paragraph 117 of the Complaint are denied.

118. Defendants hereby reincorporate their responses to the allegations incorporated by reference into paragraph 118 of the Complaint.

119. The allegations set forth in paragraph 119 of the Complaint are denied.

120. The allegations set forth in paragraph 120 of the Complaint are denied.

**FIRST AFFIRMATIVE DEFENSE**

By way of their first affirmative defense, Defendants would show that Counts I through VIII of the Complaint fail to state a claim upon which relief may be granted for injunctive relief in that said counts assert a claim for money damages or for an accounting only, do not identify the acts to be enjoined or compelled and do not allege or demonstrate that Plaintiff has no adequate remedy at law.

**SECOND AFFIRMATIVE DEFENSE**

By way of their second affirmative defense, Defendants would show that Counts I, II, III, IV, XI, XII and XIII of the Complaint fail to state a claim upon which relief may be granted for treble damages in that there is no provision in applicable Florida or federal law by which treble damages may be recovered for the acts alleged in said counts.

**THIRD AFFIRMATIVE DEFENSE**

By way of their third affirmative defense, Defendants would show that Counts II, III, IV, VI, VII and VIII of the Complaint fail to state a claim upon which relief may be granted for the recovery by Plaintiff of its attorneys' fees incurred in connection with said claims in that there is no contractual or statutory basis providing for the award of such fees applicable to said counts.

**FOURTH AFFIRMATIVE DEFENSE**

By way of their fourth affirmative defense, Defendants would show that Counts I through VIII of the Complaint fail to state a claim upon which relief may be granted for the award of prejudgment interest or moratory interest based upon the claims asserted in that the amount of the damages sought in each count, if any, is not liquidated, thereby precluding the award of prejudgment interest or moratory interest.

**FIFTH AFFIRMATIVE DEFENSE**

By way of their fifth affirmative defense, Defendants would show that at all times material to the allegations set forth in the Complaint until August 28, 2013, Flagship Storage Partners, LLC, a Florida limited liability company (hereinafter referred to as "FSP"), served as the sole Manager of Plaintiff with broad discretion and authority to manage the business affairs of Plaintiff and that the actions allegedly taken by Defendants with regard to the funds described in the Complaint were properly authorized by FSP in its role as Manager of Plaintiff and, to the extent such funds were paid to or on behalf of STORKWIK, such funds were for reimbursable expenses incurred by STORKWIK in the performance of its responsibilities under the Management Agreement.

**SIXTH AFFIRMATIVE DEFENSE**

By way of their sixth affirmative defense, Defendants would show that at all times material to the allegations set forth in the Complaint, Defendants, HEADLEY and BOLIN were employees of FSP and that MURRAY was an employee of STORKWIK and that each was acting as directed by FSP within the normal scope of their employment for FSP or STORKWIK,. respectively.

**SEVENTH AFFIRMATIVE DEFENSE**

By way of their seventh affirmative defense, Defendants would show that at all times material to the allegations set forth in the Complaint, Defendants, HEADLEY and BOLIN received no compensation from STORKWIK by reason of the payments alleged in the Complaint and that MURRAY received no additional compensation other than her regular salary by reason of said payments and no such compensation was not enhanced by the payment of any funds allegedly transferred to any of them, individually, as alleged in the Complaint.

### **EIGHTH AFFIRMATIVE DEFENSE**

By way of their eight affirmative defense, Defendants would show that at all times material to the allegations set forth in the Complaint, Defendant, MURRAY, never served in any management position with Defendant, STORKWIK, had no discretion with regard to the means, manner and techniques of her performance and acted solely at the direction of her supervisors.

### **NINTH AFFIRMATIVE DEFENSE**

By way of their ninth affirmative defense, Defendants would show that at all times material to the allegations set forth in the Complaint, the bank accounts ending in 0395 and 0224 were not accounts titled in the name of STORKWIK and were not managed or controlled by STORKWIK nor were they held by STORKWIK for the benefit of Plaintiff.

### **TENTH AFFIRMATIVE DEFENSE**

By way of their tenth affirmative defense, Defendants would show that at all times material to the allegations set forth in the Complaint, the funds expended as alleged in the Complaint which were not expressly for the benefit of the Properties but were for expenses incurred by or on behalf of FSP for matters relating to its performance as Manager of Plaintiff and were funds to which FSP was entitled.

### **DEMAND FOR JURY TRIAL**

Defendants demand trial by jury of all issues so triable.

[THE BALANCE OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2014, a true and correct copy of the foregoing has been furnished by electronic mail to: Coleman W. Watson, Esquire, cwatson@bakerlaw.com, Suntrust Center, Suite 2300, 200 South Orange Avenue, Orlando, FL 32801.

/s/ Ronald W. Sikes
RONALD W. SIKES, ESQUIRE
Florida Bar No.: 231428
Ronald W. Sikes, Attorneys, PLLC
310 South Dillard Street, Suite 120
Winter Garden, FL 34787
Primary Email: rsikes@rsikes.com
                    nkalidas@rsikes.com
Secondary Email: mduvall@rsikes.com
Telephone: (407) 877-7115
Facsimile No.: (407) 877-6970
Attorneys for Defendants