**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**FLAGSHIP PROPERTIES III, LLC,**

**Plaintiff,**

**v.**

**STORKWIK MANAGEMENT, LLC; W.A.**
**"CHIP" HEADLEY, III; THEODORE A.**
**BOLIN; and JACQUELINE MURRAY,**

**Defendants.**

**Case No.  6:14-cv-1-ACC-KRS**

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND COMPLETE RESPONSE**
**TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND**
**INTERROGATORIES WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff Flagship Properties III, LLC ("Plaintiff" or "Flagship"), pursuant to Federal

Rules of Civil Procedure 33, 34, and 37 and Local Rule 3.04, moves for an Order compelling

Defendants StorKwik Management, LLC ("StorKwik"), W.A. "Chip" Headley ("Headley"),

Theodore A. Bolin ("Bolin"), and Jacqueline Murray ("Murray") (collectively, "Defendants"), to

provide full and complete responses to Flagship's First Set of Requests for Production and First

Set of Interrogatories ("First Set of Discovery Requests"), and in support thereof states as

follows:

## I.    INTRODUCTION.

StorKwik was Plaintiff's property manager and fiduciary until September 2013.  After

Plaintiff provided StorKwik with its notice of termination on August 13, 2013, StorKwik

systematically began transferring hundreds of thousands of dollars from Plaintiff's bank account

at Chase Bank (the "Chase Account")[1] into bank accounts owned by StorKwik (the "StorKwik Accounts")[2].   Bolin and Headley were the only authorized signatories on the Chase Account. *See infra*, Defendants' Response to Interrogatory No. 6.  In addition to StorKwik, both Headley and Murray received a portion of the transferred funds.

When Plaintiff demanded an explanation for these unauthorized diversions, Defendants sent "summaries" of expenses that they claim Plaintiff is obligated to pay or "reimburse" them for.  *See* "FSF/FPIII Expense Breakdowns" (the "Expense Breakdowns"), a true and authentic copy of which is attached hereto as **Composite Exhibit "A."**   The Expense Breakdowns, however, raise more questions than they answer.  First, none of the charges summarized on the Expense Breakdowns ever appeared on Plaintiff's financial statements **which the Defendants prepared or reviewed and provided to Plaintiff each month**.  *See* Affidavit of William Carey ("Carey Affidavit") at ¶8, a true and authentic copy of which is attached hereto as **Exhibit "B."** Second, as the "FSF/FPIII Expense Breakdown" title indicates, at least some of the disputed charges were incurred on behalf of "FSF" [Flagship Storage Fund ("FSF")] – an entity that has no affiliation with Plaintiff but which is affiliated with some of the Defendants.

As shown by the little documentation Defendants did provide with the Expense Breakdowns, other charges were incurred before Plaintiff was even formed[3] on behalf of Flagship Investment Group[4] ("FIG"), another entity affiliated with Defendants that has no affiliation with Plaintiff.  *See* Comp. Ex. A, Invoices for Bock & Clark and Womble Carlyle, and

---

[1] The term "Chase Account," as used in this motion has the same definition as used in Plaintiff's First Set of Discovery Requests, which states: "'Chase Account' means the account at J.P. Morgan Chase opened in Plaintiff's name, Account No. XXXXXXXXXXX2070" (redacted).

[2] "StorKwik Accounts" in this motion has the definition as used in Plaintiff's First Set of Discovery Requests.

[3] Flagship was formed on August 15, 2012.

[4] Headley and Bolin are the sole owners of Flagship Investment Group, LLC.

Holland & Knight engagement letter.[5]  Third, some of the charges are attributable to real estate investments that entities only affiliated with Defendants – not Plaintiff – investigated or invested in.  Finally, some of the charges are for services that StorKwik was required to provide under the terms of its Management Agreement with Plaintiff without extra compensation.

Because of these patent irregularities, Plaintiff repeatedly asked Defendants to provide back-up documentation for each entry on the Expense Breakdowns.  With a few exceptions, Defendants steadfastly refused to provide back-up documentation.  Accordingly, Plaintiff filed this lawsuit.

Despite their obligations under the Federal Rules of Civil Procedure, Defendants continue to stonewall by improperly asserting inapplicable, unsupported objections.  *See Martin v. Zale Delaware, Inc.*, No. 8:08-cv-00047-T-27EAJ, 2008 WL 5255555, *1-*2 (M.D. Fla. Dec. 15, 2008) ("[o]bjections stating that a request is "vague", "overly broad", or "unduly burdensome" are meaningless standing alone."); s*ee also Middle District Discovery* (2001) at 10-11.  Defendants make no showing that these boilerplate objections apply to specific discovery requests, as required by law.  *See, e.g., Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008) ("[a] party objecting on these grounds must explain its reasoning in a specific and particularized way"); *see also Middle District Discovery* (2001) at 11.  Plaintiff's discovery requests seek back-up documentation for each entry on the Expense Breakdowns, as well copies of Defendants' internal communications that relate to these entries.  This information is required to determine exactly how much cash was transferred, trace the transferred funds, and determine whether the disputed charges summarized on the Expense Breakdowns were actually incurred

---

[5] This portion of Composite Exhibit A has been redacted per Federal Rule of Civil Procedure 5.2.

and incurred on Plaintiff's behalf.  *See* Carey Affidavit, ¶¶12-13.  Defendants have refused to provide this critical information.

## II.      REQUESTS SERVED AND PLAINTIFFS' OBJECTIONS.

Per Local Rule 3.04, below is the full quotation of each request and objection at issue. Requests seeking similar information and drawing similar objections are grouped together.

### 1. StorKwik Accounts Bank Statements.

**REQUEST NO. 5**:  Produce copies of all bank statements for the Bank of America Accounts[6], the Chase Account, and the StorKwik Accounts for the relevant time period.

**RESPONSE:  Defendants did not assert any objection to this request.**

Defendants refuse to produce bank statements for the StorKwik Accounts, where Plaintiff's funds were transferred.  Plaintiff did not object to Request No. 5, so it should be compelled to produce these documents.  *See Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08-cv-00498-MCR-EMT, 2009 WL 1660137 (N.D. Fla. June 15, 2009); *see also Middle District Discovery* (2001) at 11("failure to assert an objection to a request for production within the time allowed for responding constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel."); Carey Affidavit, ¶¶12-13.

### 2. Documents and Communications Related to the Expense Breakdowns.

**REQUEST NO. 9**:  Produce all documents that relate to the FSF/FPIII Expense Breakdown, including without limitation all timesheets submitted by the FSF/FPIII Expense Breakdown Persons for the services described on the FSF/FPIII Expense Breakdown, copies of all checks given or other forms of payments made to them for such services, and all bank statements reflecting such payments.[7]

---

[6] Plaintiff's First Set of Discovery Requests defines "Bank of America Accounts" as "the five bank accounts at Bank of America opened in Plaintiff's name: Account Nos. XXXXXXXX7943, XXXXXXXX7956, XXXXXXXX7969, XXXXXXXX7972 and XXXXXXXX7985" (redacted).

[7] Though the requests for production discussed herein do not have timeframes, Flagship only seeks documents between the date of the first charge for services identified on the Expense Breakdowns, January 1, 2011, and January 2, 2014, the date this lawsuit was filed.  *See* Comp. Ex. A.

**RESPONSE:  Defendants did not assert any objection to this request.**

Defendants did not produce any documents responsive to Request No. 9.  They also did not object to Request No. 9, so they should be compelled to produce all documents that related to the Expense Breakdowns, including internal communications relating to the charges on the Expense Breakdowns, the underlying timesheets, copies of payments made to the people identified on the Expense Breakdowns, and bank statements reflecting such payments. *See Middle District Discovery* (2001) at 11; *see also* Carey Affidavit, ¶¶12-13.

**REQUEST NO. 10**:  Produce copies of all agreements between any of the FSF/FPIII Expense Breakdown Persons[8], on the one hand, and FSP, StorKwik, or Plaintiff, on the other hand.

**RESPONSE:  Defendants did not assert any objection to this request.**

Defendants did not produce any documents responsive to Request No. 10.  They also did not object to Request No. 10, so they should be compelled to produce the requested agreements, which are necessary to determine whether the alleged services were actually performed, the particular entity for which they were performed, and whether the amounts charged were consistent with those agreements.  *See* Carey Affidavit, ¶13.

**REQUEST NO. 11**:  Produce copies of all invoices for services ordered by FSP, FSF, FIG, or StorKwik that you contend were incurred in full or in part on behalf of Plaintiff.

**RESPONSE: Defendants did not assert any objection to this request.**

Defendants did not produce any invoices in response to Request No. 11.  These documents  are necessary to determine whether the charges on the Expense Breakdowns are *bona fide* and whether they were for services rendered to one of the Defendants' other companies, rather than Plaintiff.  Defendants also did not object to Requests for Production Nos.

---

[8] "FSF/FPIII Breakdown Persons" is defined in Plaintiff's First Set of Discovery Requests as "the persons identified on the FSF/FPIII Expense Breakdown."

9-11; therefore, all objections have been waived, and Defendants should be compelled to produce the requested documents.  *See* Carey Affidavit, ¶13.

**REQUEST NO. 4**:  Produce all communications sent or received by Holland & Knight, LLP on the one hand, and any of the Defendants on the other hand, that relate to the legal services performed by Holland & Knight, LLP that are subject to the "invoice" referenced on the FSF/FPIII Expense Breakdown.

**RESPONSE:**  Defendants object to Request Number 4 in that it is overly broad, seeks the discovery of documents and communications that are protected by the attorney/client communications privilege and the work product privilege, seeks the production of confidential and proprietary information and seeks the production of information which is not relevant to the issues raised in the pleadings in this matter nor are they likely to lead to the discovery of admissible evidence in this matter. Defendants further object to said Request in that it is unlimited as to the time frame covered by the request and is so overly broad that it amounts to nothing more than a broad "fishing expedition." Without waiving said objection, to the extent the documents requested by Plaintiff can be reasonably identified by Defendants and are not privileged, the same will be produced at a mutually agreeable time and date in the location and format in which they are regularly kept by Defendants in their normal course of business.

The Holland & Knight engagement letter that Defendants gave to Plaintiff to support the $82,015.83 charge on the Expense Breakdowns is between Holland and Knight and Flagship Investment Group, not Plaintiff.  *See* Comp. Ex. A.  Defendants contend, however, that Holland & Knight performed legal services on Plaintiff's behalf.  In Request No. 4, Plaintiff requested communications between Holland & Knight and Defendants to determine what specific legal services were performed and for whom. Claiming these communications are "confidential and proprietary," Defendants have refused to produce responsive documents, including Holland & Knight's invoices for these services. Instead, they produced e-mails related to Holland & Knight services that have already been paid and that are not reflected on the Expense Breakdowns. Defendants are required to produce all responsive communications (including invoices, time sheets and demands for payment).  *See Allstate Ins. Co. v. Levesque*, 263 F.R.D. 663, 667 (M.D. Fla. 2010).

Defendants' objections have no merit. First, Defendants waived objections based on attorney-client and work-product privilege since their affirmative defense that the Holland & Knight services were performed on Plaintiff's behalf put their communications with Holland & Knight at issue.  *See* Answer to Amended Complaint, pp. 10-11; s*ee also Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994); *Allstate Ins. Co.*, 263 F.R.D. at 667; *First S. Baptist Church of Mandarin, Fla, Inc. v. First Nat'l Bank of Amarillo*, 610 So.2d 452, 454 (Fla. 1st DCA 1992) ("[i]f a party has injected into the litigation issues going to the very heart of the litigation, such party cannot avoid discovery into such issues").

Second, Defendants failed to produce communications, such as invoices, timesheets or demands for payment, even though that information is not privileged in Florida. *See FTC v. Cambridge Exchange, Ltd., Inc.*, 845 F.Supp. 872 (S.D. Fla. 1993) ("billing records, hourly statements, and fee arrangements which do not reveal client communications are not protected by the attorney-client privilege"); *Finol v. Finol*, 869 So.2d 666 (Fla. 4th DCA 2004).

Third, Defendants have not produced a privilege log despite their obligation to do so under Federal Rule of Civil Procedure 26(b)(5)(A).  Defendants' failure to file a privilege log waived any claims of privilege. *Metabolife Int'l, Inc. v. Holster*, 888 So. 2d 140, 141 (Fla. 1st DCA 2004) (upholding trial court's order for the production documents that were claimed to be subject to attorney-client, work product and trade secret privileges when no privilege log was filed);  *Kaye Scholer LLP v. Zalis*, 878 So.2d 447, 449 (Fla. 3d DCA 2004).   Therefore, Defendants' objections based on privilege have no merit, and Defendants must comply with their obligation to produce all responsive communications.

**3.**  **Defendants Should Be Compelled to Respond to Interrogatories Nos. 1-2, 8-10, 12 and 13.**

**INTERROGATORY NO. 1**:  Identify all persons who were officers, employees, independent contractors, or agents of FSP, which of the aforementioned roles they had with FSP, and the dates they held those roles.

**RESPONSE**:  The Defendants object to Interrogatory Number 1 to the extent that limited liability companies in Florida do not have "officers." Without waiving the objection, the following persons were managers or member managers of Flagship Storage Partners, LLC, during the times periods noted:

> W.A. "Chip Headley, III
> Managing Member, 2010 to Present
>
> Theodore A. Bolin
> Managing Member, 2010 to Present
>
> Richard Beavers
> Managing Member, 2010 to 2012

In addition, Jacqueline Murray was an employee of Flagship Storage Partners, LLC, during the period between 2010 and the Present.

**INTERROGATORY NO. 2**:  Identify all persons who were officers, employees, independent contractors, or agents of StorKwik, which of the aforementioned roles they had with StorKwik, and the dates they held those roles.

**RESPONSE**: The Defendants object to Interrogatory Number 2 to the extent that limited liability companies do not have "officers." Without waiving the objection, the following entity was the manager of StorKwik Management, LLC:

> Flagship Storage Partners, LLC, Manager, 2010 to Present

Defendants do not identify FSP's and StorKwik's employees, independent contractors, and agents and the dates in which each person or entity held that role.  The identity of FSP and StorKwik employees, independent contractors and agents will allow Flagship to determine if any people identified on the Expense Breakdowns worked for a company that contractually was precluded from charging extra compensation for the services allegedly performed.  In addition, employees and other contractors of StorKwik and FSP could serve as witnesses since they may have information regarding the Expense Breakdowns.  *See* Adv. Com. Notes, 1946 Amendment, R. 26, Fed. R. Civ. P. ("[t]he purpose of discovery is to allow a broad search for facts, the names

of witnesses, or any other matters which may aid a party in the preparation or presentation of his

case."). Defendants must be compelled to fully answer Interrogatories Nos. 1-2.

**INTERROGATORY NO. 8**: If you contend that FSF was entitled to reimbursements from Plaintiff, identify those specific expenses for which you contend FSF was entitled to be reimbursed and explain why you believe FSF was entitled to each reimbursement.

**RESPONSE**: The Defendants object to Interrogatory Number 8 in that it requests information that is protected by the attorney-client and work product privileges and requires disclosure of documents that contain confidential financial information or trade secrets. Without waiving the objections, the Defendants state the following:

As per the detail list previously provided to Plaintiff by Flagship Storage Partners, LLC, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

**INTERROGATORY NO. 9**:  If you contend that any obligations incurred by FSP were incurred on behalf of Plaintiff, identify those specific obligations and explain why you believe they were obligations of Plaintiff.

**RESPONSE**: The Defendants object to Interrogatory Number 9 in that it requests information that is protected by the attorney-client and work product privileges and requires disclosure of documents that contain confidential financial information or trade secrets. Without waiving the objections, the Defendants state the following:

As per the detail list previously provided to Plaintiff by Flagship Storage Partners, LLC, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

**SUPPLEMENTAL RESPONSE**: Flagship Storage Partners, LLC ("FSP") incurred obligations on behalf of the Plaintiff as detailed in the attached Exhibit. Specifically, Defendants and their affiliate, FSP, are entitled to recover costs that are outside the scope of work for the included obligations of the Property Management Agreement expended by FSP and Defendants for work performed at the request of Plaintiff for services rendered in conjunction with Plaintiff's audit of Defendant, StorKwik Management, LLC. Defendants are entitled to recover costs that are outside the scope of the obligations of the Property Management Agreement expended by FSP and Defendants for work performed at the request of Plaintiff for services rendered in conjunction with the transition of property management to Plaintiff's agent, Extra Space Storage Management, Inc. Defendants are entitled to recover costs expended by FSP and Defendants for due diligence on the North State Storage properties that were not closed. While FSP was sole Manager of Plaintiff, with broad authority to conduct the business of the Plaintiff, FSP approved these reimbursements on behalf of the Plaintiff. Additionally, FSP incurred obligations on behalf of Flagship Storage Fund I, LLC, an affiliate of the Plaintiff, with common management. The Defendants and FSP are entitled to receive reimbursement from Flagship Storage Fund I, LLC, for services and expenses incurred by Defendant, StorKwik Management, LLC, and FSP for work performed by at the request of the Plaintiff for services rendered in conjunction with Plaintiff's audit of Defendant StorKwik Management, LLC. Defendants and FSP are entitled to

9

recover costs expended by Defendants for due diligence on properties that Flagship Storage Fund I, LLC, intended to purchase, but did complete the transactions. FSP, while the sole Manager of Flagship Storage Fund I, LLC and FSP authorized the reimbursement of such expenses by Plaintiff.

Plaintiff requested that Defendants explain why certain charges for services that were ordered by Defendants' other companies, FSF and FSP, should be paid by Plaintiff.  Defendants evaded answering these Interrogatories, objecting that this information is "privileged."  There is no privilege, however, that justifies withholding the requested information.  First, Defendants cannot object on attorney-client and work-product grounds without producing a privilege log. *Kaye Scholer LLP*, 878 So.2d at 449.  Second, their objection based on disclosure of "confidential financial information or trade secrets" has no basis in law and should be summarily overruled.  *Gonzalez v. Etourandtravel, Inc.*, No. 6:13-cv-827-Orl-36TBS, 2014 WL 1250034 (M.D. Fla. Mar. 26, 2014) (overruling objections based on privilege and trade secrets when the Defendants "failed to describe the nature of the privileged documents or why the information sought is confidential"); *Martin-Johnson, Inc. v. Savage*, 509 So.2d 1097, 1000 (Fla. 1987).

In addition, instead of explaining why they believe services ordered by FSF or FSP were actually performed for Plaintiff, Defendants argue generally that one of their other affiliated companies, FSF, had broad authority under Plaintiff's Operating Agreement to "allocate" expenses. This legal argument is evasive. In addition, the documentation referred to in their Response does not answer the question asked.  Defendants should be compelled to answer Interrogatory No. 9 and explain why they contend services ordered by FSF or FSP were performed on Plaintiff's behalf.

**INTERROGATORY NO. 10**:  If you contend that any obligations incurred by FIG were incurred on behalf of Plaintiff, identify those specific obligations and explain why you believe they were obligations of Plaintiff.

10

**RESPONSE**: The Defendants object to Interrogatory Number 10 in that it requests information that is protected by the attorney-client and work product privileges and requires disclosure of documents that contain confidential financial information or trade secrets. Without waiving the objections, the Defendants state the following:

As per the detail list previously provided to Plaintiff by Flagship Storage Partners, LLC, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

**SUPPLEMENTAL RESPONSE**: Flagship Investment Group, LLC acting on authority granted by FSP, as sole Manager of Plaintiff and Flagship Storage Fund I, LLC, contracted on behalf of Plaintiff and Flagship Storage Fund I, LLC for legal services and surveying as detailed on the attached Exhibit. Flagship Investment Group, LLC, is entitled to reimbursement for these expenses. While sole Manager of Plaintiff and Flagship Storage Fund I, LLC, FSP, with broad authority to conduct the business of the Plaintiff, authorized these reimbursements.

Defendants should be compelled to answer Interrogatory No. 10 for the reasons stated

above.

**INTERROGATORY NO. 12**:  If you contend that Plaintiff is or was obligated to pay any costs, expenses or fees incurred before Plaintiff was created on August 15, 2012, identify each such cost, expense or fee.

**RESPONSE**:  The Defendants object to Interrogatory Number 12 in that it requests information that is protected by the attorney-client and work product privileges and requires disclosure of documents that contain confidential financial information or trade secrets. Without waiving the objections, the Defendants state the following:

As per the detail list previously provided to Plaintiff by Flagship Storage Partners, LLC, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

**SUPPLEMENTAL RESPONSE**: Plaintiff was created to acquire certain assets and liabilities that were owned by or obligations of Flagship Storage Fund I, LLC. At creation, FSP, as sole Manager of Plaintiff and of Flagship Storage Fund I, LLC, with broad authority to conduct the business of the Plaintiff and Flagship Storage Fund I, LLC allocated certain assets and liabilities to the Plaintiff from Flagship Storage Fund I, LLC. Expenses originally incurred by Flagship Storage Fund I, LLC were allocated to the Plaintiff after the Plaintiff's formation. FSP, as sole Manager of Plaintiff and Flagship Storage Fund I, LLC, with broad authority to conduct the business of the Plaintiff and Flagship Storage Fund I, LLC, authorized the allocation of additional expenses to Plaintiff. Specifically, these expenses are as detailed in the attached Exhibit.

Defendants should be compelled to answer Interrogatory No. 10 for the reasons stated

above.

**INTERROGATORY NO. 13**:   For each cost, expense or fee identified in response to Interrogatory No. 12, explain why you believe Plaintiff is or was obligated to pay it.

**RESPONSE**:  The Defendants object to Interrogatory Number 13 in that it requests information that is protected by the attorney-client and work product privileges and requires disclosure of documents that contain confidential financial information or trade secrets. Without waiving the objections, the Defendants state the following:

As per the detail list previously provided to Plaintiff by Flagship Storage Partners, LLC, a copy of which is attached hereto as Exhibit "B" and incorporated herein by reference.

**SUPPLEMENTAL RESPONSE**: Plaintiff was created to acquire certain assets and liabilities that were owned by or obligations of Flagship Storage Fund I, LLC. At creation, FSP, as sole Manager of Plaintiff and of Flagship Storage Fund I, LLC, with broad authority to conduct the business of the Plaintiff and Flagship Storage Fund I, LLC allocated certain assets and liabilities to the Plaintiff from Flagship Storage Fund I, LLC. The expenses originally incurred by Flagship Storage Fund I, LLC were allocated to the Plaintiff.  Acting in its capacity as sole Manager of Plaintiff, with broad authority to conduct the business of the Plaintiff and to bind the Plaintiff, FSP authorized these reimbursements.

Legal argument is not a substitute for answering the question asked.  Defendants may contend that their affiliate company had broad authority to allocate costs, but they have not explained why they contend the charges on the Expense Breakdowns were incurred on Plaintiff's behalf – or even if they benefitted Plaintiff.  Vague references to "certain assets and liabilities" do not adequately respond to Interrogatories Nos. 12-13, which request explanations for each cost identified. Again, Defendants must identify the individual costs incurred and the rationale for Plaintiff's alleged obligation to pay each cost.

## 4. Defendants must produce all internal e-mails responsive to Requests for Production Nos. 1-3.

**REQUEST NO. 1**: Produce all communications sent or received by StorKwik, Headley, Theodore A. Bolin ("Bolin") and/or Jacqueline Murray ("Murray") that relate to one or more of the affiliates.[9]

---

[9] "Affiliate" is defined in Flagship's First Set of Discovery Requests as "Flagship Investment Group, LLC, a Florida limited liability company, Flagship Storage Fund I, LLC, a Florida limited liability company, Flagship Storage Partners, LLC, a Florida limited liability company, Flagship Properties I, LLC, a Delaware limited liability company, and Flagship Properties II, LLC, a Delaware limited liability company."

049583.000001 603806801

**REQUEST NO. 2**: Produce all communications sent or received by StorKwik, Headley, Bolin and/or Murray that relate to Plaintiff.

**REQUEST NO. 3**:  Produce all communications sent or received by Headley, Bolin and/or Murray that relate to Gator Carolina, LLC, a Colorado limited liability company.

**RESPONSE**: Defendants object to Request Number [1, 2, and 3][10] in that it is overly broad, seeks the discovery of documents and communications that are protected by the attorney/client communications privilege and the work product privilege, seeks the production of confidential and proprietary information and seeks the production of information which is not relevant to the issues raised in the pleadings in this matter nor are they likely to lead to the discovery of admissible evidence in this matter. Defendants further object to said Request in that it is unlimited as to the time frame covered by the request and is so overly broad that it amounts to nothing more than a broad "fishing expedition." Without waiving said objection, to the extent the documents requested by Plaintiff can be reasonably identified by Defendants and are not privileged, the same will be produced at a mutually agreeable time and date in the location and format in which they are regularly kept by Defendants in their normal course of business.

The e-mails Defendants produced consist mostly of communications with Flagship – notably absent are Defendants' e-mails regarding the critical facts of this case, such as the transfers from Flagship's bank accounts, the services identified on the Expense Breakdowns and the "reimbursements" Defendants made to themselves. Defendants must be compelled to produce all internal e-mails responsive to Requests for Production Nos. 1-3.

For the same reasons described above, none of Defendants' objections are valid – Defendants waived objections based on privilege, and the boilerplate objections have not been made with specificity.  Accordingly, Defendants must produce all internal e-mails related to Plaintiff, Gator Carolina and Defendants' affiliates.

## <u>CONCLUSION</u>

For the foregoing reasons, Flagship respectfully requests that the Court enter an Order (1) compelling Defendants to completely respond to the above identified interrogatories; (2) requiring Defendants to produce <u>all</u> documents responsive to the requests for production

---

[10] Defendants' responses to Request for Production Nos. 1-3 are identical.

identified above; (3) awarding Flagship its reasonable attorneys' fees and costs incurred in making this motion, pursuant to Fed. R. Civ. P. 37(a)(5); and (4) any such further relief as the Court deems just and proper.

Dated:  July 18, 2014.                           Respectfully submitted,


                                                 */s/ Coleman W. Watson*
                                                 S. Kirk Ingebretsen, Esq., *pro hac vice*
                                                 Colorado Bar No. 11444
                                                 Kali Backer, Esq., *pro hac vice*
                                                 Colorado Bar No. 45436
                                                 SHOOK, HARDY & BACON LLP
                                                 1660 Seventeenth Street, Suite 450
                                                 Denver, Colorado  80202
                                                 Telephone:  (303) 285-5300
                                                 Facsimile:   (303) 285-5301
                                                 Email: singebretsen@shb.com
                                                        kbacker@shb.com

                                                 Coleman W. Watson, Esq.
                                                 Florida Bar No. 0087288
                                                 BAKER & HOSTETLER LLP
                                                 SunTrust Center, Suite 2300
                                                 200 South Orange Avenue
                                                 Orlando, FL  32801-3432
                                                 Telephone:   407.649.4000
                                                 Facsimile:    407.841.0168
                                                 Email:  cwatson@bakerlaw.com

                                                 *Attorneys for Plaintiff*


## CERTIFICATE OF COMPLIANCE

The undersigned conferred with Defendants' counsel on July 18, 2014, pursuant to Local Rule 3.01(g); however, the parties were unable to resolve the issues briefed in this motion without Court intervention.  Defendants oppose this motion.


                                                 */s/ Coleman W. Watson*
                                                 Coleman W. Watson, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 18, 2014, I electronically filed a copy of the foregoing Plaintiff's Motion to Compel Production and Complete Responses to First Set of Production of Documents and Interrogatories with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to:

**Ronald Sikes, Esq.**
Ronald W. Sikes, Attorneys, PLLC
310 South Dillard Street, Suite 120
Winter Garden, FL  34787
Email:  rsikes@rsikes.com

*/s/ Coleman W. Watson*
Coleman W. Watson, Esq.

049583.000001 603806801